UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ELBIN ALFREDO ORELLANA,                          Case No. DG 10-05684
                                                 Hon. Scott W. Dales
                    Debtor.                       Chapter 7
_____/

JOHN A. PORTER, Chapter 7 Trustee,

            Plaintiff,

v.                                               Adv. Pro. No. 10-80587

CHASE HOME FINANCE, LLC, and U.S.
BANK NATIONAL ASSOCIATION, as
Trustee, Successor in Interest to Wachovia
Bank, National Association, as Trustee for
Master Asset Securitization Trust 2003-10,
Mortgage Pass-Through Certificates,
Assignee of Defendant Chase Home
Finance LLC,

            Defendants.
_____/

## MEMORANDUM AND ORDER ENFORCING SETTLEMENT

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

A federal court's order dismissing a lawsuit with prejudice operates as an adjudication on the merits of all claims that the plaintiff asserted or could have asserted involving the same constellation of facts and circumstances set forth in the pleadings. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); Fed. R. Civ. P. 41. Today the court reaffirms that principle in a dispute between chapter 7 debtor Elbin Alfredo Orellana (the "Debtor") and his mortgagee, U.S. Bank, National Association, as Trustee, Successor in Interest to Wachovia Bank, National

Association, as Trustee for Master Asset Securitization Trust 2003-10, Mortgage Pass-Through Certificates, Series 2003-10, ("U.S. Bank").[1]

Chapter 7 trustee John A. Porter filed a complaint challenging the validity and extent of U.S. Bank's mortgage on three contiguous parcels of real estate that the Debtor owned on the petition date, described in the parties' papers as Parcels A, B & C, seizing on an inconsistency between the legal description in the text of the mortgage (which listed only Parcel A as collateral) and the legal description annexed as an exhibit to the mortgage (which listed all three parcels). The parties agreed that the Debtor's residence—the only improvement on the three parcels—is located on Parcel B. Parcels A & C are contiguous, though vacant, parcels.

After some discovery, U.S. Bank and the trustee entered into a settlement pursuant to which the trustee dismissed the estate's lawsuit "with prejudice" and abandoned the estate's interest in the three parcels to the Debtor.

Within the year following the dismissal, U.S Bank took steps to foreclose the Debtor's interest in Parcels A, B and C, which prompted the Debtor to file suit in Kent County Circuit Court (the "State Court"), challenging the mortgage on the same grounds the trustee asserted in his complaint in federal court. U.S. Bank moved in State Court for summary disposition and, after a hearing, the State Court directed the parties to return to federal court to seek clarification regarding the preclusive effect, if any, of the federal dismissal order.

Accepting the State Court's invitation, U.S. Bank filed its Motion to Enforce Court's August 30, 2011 Order Approving Stipulation Resolving Adversary Proceeding, or in the Alternative for Clarification of That Order (the "Motion to Enforce," DN 38); the Debtor opposes the motion.

---

[1] U.S. Bank is the assignee of Defendant Chase Home Finance LLC ("Chase"), which originally held the Debtor's mortgage. References to U.S. Bank shall include Chase as the predecessor in interest.

On June 5, 2013, in Grand Rapids, Michigan, the bankruptcy court conducted a hearing and announced its intention to grant the Motion to Enforce for the reasons set forth on the record. This Memorandum and Order supplements the court's oral opinion and amplifies the reasons for precluding the Debtor from asserting claims in a manner inconsistent with the settlement and the order approving the settlement.

Although the trustee initially asserted a right to relief under 11 U.S.C. § 544(a), the parties agreed at the pretrial conference held on July 27, 2011 that their dispute also was in the nature of a quiet title action in which the trustee asserted that U.S. Bank's  mortgage did not reach the real estate described as Parcels B and C.   Following the pretrial conference, the court framed the issues as follows:

> 1. Whether the mortgagor-debtors intended to encumber one parcel or three;
>
> 2. Whether the mortgage gives constructive notice of [U.S. Bank's] asserted lien on all three parcels;
>
> 3. What is the appropriate remedy under the circumstances (*e.g.*, relief as in a quiet title action, or avoidance of the mortgage as to two parcels not referred to in the granting clause).

*See* Pretrial Order dated December 2, 2010 (DN 10).  After a period of discovery, the trustee and U.S. Bank entered into the Stipulation Resolving Adversary Proceeding (the "Settlement," DN 32) which included these material terms, among others:

> 1.      U.S. Bank agreed to pay the estate $20,000.00 and waive any claim against the estate;
>
> 2.      The trustee agreed to dismiss the adversary proceeding with prejudice;
>
> 3.      The trustee agreed to abandon the estate's interest in Parcels A, B and C to the Debtor;

       4.      The trustee and U.S. Bank agreed that the mortgage was "not avoided . . . under 11 U.S.C. § 544 or any other provision of the Bankruptcy Code . . ."

*See* Settlement at ¶¶ 9-12.  After giving parties notice and an opportunity for a hearing, the court approved the Settlement, entered an order dismissing the adversary proceeding under Fed. R. Civ. P. 41, but reserved jurisdiction to enforce the Settlement.  *See* Order Approving Stipulation Resolving Adversary Proceeding (the "Dismissal Order," DN 36) at pp. 1-2; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (trial court may retain jurisdiction to enforce settlement). The Dismissal Order stated that the Settlement resolved "all of the claims raised in Adversary Proceeding Case No. 10-80587 . . ." and dismissed the adversary proceeding "with prejudice and without costs."  *Id.*

Significantly, although the Debtor did not formally seek to intervene in the adversary proceeding, his counsel filed a Notice of Appearance and Request for Service which the court's CM/ECF facility automatically honored.  The Debtor, in other words, was apprised of the settlement of the controversy involving Parcels A, B and C.

The court has reviewed the Debtor's State Court complaint, the dockets in the adversary proceeding and the Debtor's base case, the authorities regarding the preclusive effect of dismissals "with prejudice," and the circumstances surrounding the settlement of this adversary proceeding.   In addition, the court is mindful of the judiciary's systemic concerns in protecting the finality of its judgments, including those that are the product of negotiation and settlement.[2] After conducting its review, the court regards the Debtor's State Court complaint as precluded in

---

[2] The fact that the Dismissal Order may qualify as a consent judgment does not mean it is not a judgment.  The Settlement "is an agreement that the parties desire and expect will be reflected in, and be enforced as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011) (quoting *Rufo v. Inmates of Suffolk Co. Jail*, 502 U.S. 367, 378 (1992)). Rule 41(a)(2) applies.

all respects by the Settlement and the Dismissal Order, both of which contemplated dismissal of the trustee's claims "with prejudice."

Federal courts in the Sixth Circuit follow the general rule that "[a] dismissal of a suit with prejudice bars a subsequent action seeking the same relief." *Catz v. Chalker*, 142 F.3d 279, 287-88 (6th Cir. 1998) (citing *England v. Automatic Canteen Co. of America,* 349 F.2d 988 (6th Cir.1965), and *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).  In general, the *res judicata* or claim preclusion doctrine "bars a plaintiff from bringing, in a subsequent action, new allegations relating to the same underlying facts that could have been brought in the former action against the defendant." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1)).  The rule binds not just the original plaintiff, but also those in privity.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The chapter 7 trustee is the representative of the estate under § 323 and as such had the authority to prosecute prepetition causes of action and otherwise administer estate property for the benefit of creditors.  In this capacity, the trustee identified claims against U.S. Bank relating to the mortgage lien clouding title to Parcels A, B, and C.  The trustee investigated and prosecuted those claims to a negotiated conclusion, and persuaded the court to dismiss the proceeding on the merits.  During the proceeding, the "quite title" aspects of the trustee's claims, not just the trustee's claim under § 544, were at issue, as the Pretrial Order makes plain.  The trustee had unquestionable authority to settle the estate's claims against U.S. Bank and his decision—and the court's decision to approve the Settlement—are binding on the estate and its privies.  The Debtor, who regained the property interests in the three parcels, is such a privy with respect to the real estate.

Moreover, the court is not persuaded by the Debtor's argument that the settlement provision requiring the trustee to abandon Parcels A, B, and C somehow also abandoned the very claims that the court dismissed with prejudice. First, the Settlement clearly identified what the trustee was abandoning: "the property that is the subject of this adversary proceeding — specifically, Parcels A, B, and C." *See* Settlement at ¶ 11. The abandonment clearly pertained to specific real property, not personal property, such as fraud or other claims. Second, the court does not regard chapter 5 rights as transferrable property. Third, it is reasonable to infer that the trustee agreed to abandon Parcels A, B, and C because, after waiving further challenge to the validity of the mortgage as against all three parcels, the parcels were "of inconsequential value and benefit to the estate." *See* 11. U.S.C. § 554(a). For this reason, the trustee naturally included abandonment to the Debtor as part of the Settlement. Moreover, by abandoning the parcels, the Settlement removed them from the property of the estate and thereby freed the Bank to take collection actions *in rem* against the parcels premised on the very Settlement at issue today. *See* 11 U.S.C. § 362(c)(1).

For these reasons and those expressed on the record on June 5, 2013, the court regards the Debtor's State Court complaint as inconsistent with this court's Dismissal Order, the Settlement, and the dismissal of the trustee's claims with prejudice.

The court, however, is not inclined to formally enjoin the Debtor at this time given the procedural and constitutional protections in Fed. R. Bankr. P. 7001(7) and the fact that the Debtor never formally intervened in this proceeding. Moreover, the court naturally hesitates to issue any injunction against a sister court, and assumes that the State Court's already-expressed deference to the effect of the Dismissal Order will likely prompt that court to dismiss the State Court action. Therefore, it is not necessary at this time for the bankruptcy court to take steps

other than to clarify the scope of the Settlement and the court's intention in dismissing the trustee's adversary proceeding "with prejudice."

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Enforce (DN 38) is GRANTED to the extent provided herein.

IT IS FURTHER ORDERED that the Settlement of the adversary proceeding effected by the Dismissal Order (DN 36) resolved all controversies regarding the validity, priority and extent of U.S. Bank's mortgage as against Parcels A, B, and C that the trustee asserted, or could have asserted, in the adversary proceeding, and the terms of the Settlement and Dismissal Order are binding on the Debtor as the estate's successor to the three parcels.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Rodney M. Glusac, Esq., Todd Stuart, Esq., Scott Hogan, Esq., and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 10, 2013**



Scott W. Dales
United States Bankruptcy Judge